MATILDE MARTÍN GONZÁLEZ ET AL., Plaintiffs, Appellees, and Appellants, *v.* DELFÍN C. TORRES ET UX., Defendants, Appellants, and Appellees.

No. 11409.   Argued March 6, 1956.—Decided June 18, 1956.

*Ángel M. Ciordia* and *Santiago Polanco Abréu* for defendants, appellants, and appellees. *Sergio A. Silva* and *Manuel Torres Reyes* for plaintiffs, appellees, and appellants.

PER CURIAM.

The Superior Court held, as a matter of fact, *first*, that the plaintiffs were deprived by the defendants of the use and material possession of a parcel of land or alley that for many years the plaintiffs had used for entering and leaving their property, and *second*, that such deprivation or disturbance took place within the year preceding the filing of the complaint.   Consequently, pursuant to the provisions of Act No. 43 of 1913, as amended by Act No. 11 of 1917 (§ § 690–697 of the Code of Civil Procedure; 32 L.P.R.A. § § 3561 to 3566), an injunction was entered ordering "that the use

and possession of the aforesaid portion of land be restored to plaintiffs" and the sum of $100 for attorney's fees was imposed on defendants.

Both parties appealed. Actually, the defendants only challenge one finding of fact of the trial court in alleging "manifest error in concluding that the defendants obstructed the free use of the alley enjoyed by plaintiffs *within the year preceding the filing of the complaint*," and therefore, "manifest error in failing to apply to the case at bar the doctrine of *Martorell* v. *Municipality*, 70 P.R.R. 358 (1949)." The plaintiffs merely appeal from the amount awarded for attorney's fees; they allege that it is unreasonable and excessively low, taking into consideration the degree of obstinacy on the part of the defendants, and the value of the professional services involved in the proceedings before the lower court.

■■ Defendant's appeal is without merit, and unquestionably it is frivolous. The only finding of fact challenged (i. e., *that the disturbance took place within the year preceding the filing of the complaint*) is based on oral testimony. Therefore, we can not set it aside unless it is clearly erroneous. Taking into consideration, as we must, the opportunity of the trial court to judge the credibility of the witnesses, there is nothing in the record showing such manifest error. Contrariwise, the testimony of the witnesses to whom the judge gave credit clearly and conclusively support such finding of fact. In our opinion, the defendants have been obstinate in filing an appeal in this case, whereby there will be imposed on them the sum of $500 for attorney's fees on appeal which they will pay plaintiffs. 32 L.P.R.A. 1461.

■■ Although we believe the sum of $100 granted to plaintiffs as attorney's fees in the suit before the lower court is rather low, it is well known that the imposition of attorney's fees is always within the discretion of the trial court. *Torres* v. *Biaggi*, 72 P.R.R. 813, 821 (1951) and cases cited therein. Taking into consideration all the attendant cir-

cumstances, we are not convinced that there has been an abuse of the wide discretion vested by law on the trial court in judging the degree of guilt or obstinacy and the value of the professional services involved in the case. We hold, therefore, that plaintiffs' appeal does not lie.

The judgment appealed from will be affirmed.